# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4065 | **DATE** | 7/15/2003 |
| **CASE TITLE** | LaSalle Nat. Assoc. v. Nomura Asset Capital Corp | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order on reverse side of this Order. Petitioner HPCH, LLC ("HPCH") moves to quash the subpoena for a Rule 30(b)(6) deposition served upon it by Plaintiff, LaSalle National Association ("LaSalle"). For the reasons stated on the reverse side of this Minute Order, the Motion is Denied. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. *AK*

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| x | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | |
| x | Copy to judge/magistrate judge. | | |
| FT/secy | courtroom deputy's initials | | |

2
number of notices

JUL 16 2003
date docketed

7/15/03
date mailed notice

**Document Number**

12

U.S. DISTRICT COURT
CLERK

03 JUL 15 PM 4: 17

Date/time received in central Clerk's Office

# ORDER

The Motion relates to litigation filed by LaSalle, in its capacity as Trustee of a REMIC, against Nomura Asset Capital Corp. ("Nomura") and Nomura's affiliate, Asset Securitization Corporation ("ASC"), which is pending in the Southern District of New York (the "Litigation"). The Litigation concerns a $50 million loan made by Nomura to HPCH, and subsequently transferred to LaSalle as Trustee of the REMIC trust.

Nomura loaned HPCH $50 million, secured by a guarantee from Doctors Hospital. Nomura subsequently transferred the $50 million loan, along with other loans, to LaSalle, as Trustee of the REMIC Trust. When Doctors Hospital filed for bankruptcy protection and ceased making lease payments to HPCH in 2000, HPCH defaulted on the $50 million loan. LaSalle sued Nomura and ASC, alleging that Nomura and ASC either failed to properly investigate the borrower and the guarantor, or that the Defendants knew that the $50 million loan was not properly secured.

During discovery, LaSalle learned that Dr. James Desnick was the majority shareholder and/or managing partner of several entities that were involved with HPCH, and the $50 million Nomura Loan. Specifically, Dr. Desnick owned 100% of HP Membership, Inc, which owned 1% of HPCH and was the managing member of HPCH. In addition, Dr. Desnick owned 100% of Stoney Island Ventures, Inc., which was the managing partner of HPCH Partners LP, which in turn owned 99% of HPCH. Dr. Desnick also owned 100% of the stock of Doctors Hospital.

On January 29, 2003, LaSalle deposed Dr. Desnick in his individual capacity, regarding his participation in obtaining the $50 million loan. Subsequently, LaSalle subpoenaed HPCH, seeking to depose its designated Rule 30(b)(6) representative. Only then did HPCH identify Dr. Desnick as its designated representative.— almost six months after Dr. Desnick's individual deposition was taken.

HPCH seeks to quash the subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iv), which provides that "On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." HPCH claims that the deposition would be duplicative of the day-long deposition of Dr. James Desnick, which LaSalle took on January 29, 2003, and would be unduly burdensome. A party seeking to quash a subpoena bears the burden of proving that the subpoena is unduly burdensome. *Plant Genetic Sys., N.V. v. Northrup King Co. Inc.*, 6 F. Supp.2d 859, 862 (E.D. Mo. 1998). HPCH correctly notes that the court in *Novartis Pharmaceuticals Corp v. Abbott Labs* prohibited a Rule 30(b)(6) deposition of a corporation through its designated representative, because the representative had already been deposed in his individual capacity. 203 F.R.D. 159 (D.Del. 2001). The case is readily distinguishable, however, because the corporation in *Novartis* agreed to be bound by the individual's deposition testimony, whereas HPCH has refused to be bound by Dr. Desnick's testimony. *Id.* at 162. HPCH also claims that LaSalle cannot satisfy the test set forth in *Block v. Abbott Labs, Inc.*, 2001 WL 1539159, at *2 (N.D. Ill. 2001), which identifies the circumstances warranting deposing a witness for a second time. *Block* is also distinguishable, however, because LaSalle is seeking to depose HPCH, a distinct corporate entity, *see Pacific Mutual Life Ins. Co. v. American Nat'l Bank and Trust Co. of Chicago*, 649 F. Supp. 281, 287-88 (N.D. Ill. 1986), via their designated representative Dr. Desnick; LaSalle is not seeking to redepose Dr. Desnick in his individual capacity. Even if the Court were to ignore this distinction, the Court finds that LaSalle would satisfy the *Block* test: 1) neither Dr. Desnick nor HPCH, both central actors in the events giving rise to this lawsuit, have answered LaSalle's deposition questions on the record about HPCH's participation in and knowledge of the events leading up to the $500 million loan; 2) as the borrower, HPCH has relevant knowledge that it uniquely possesses; and 3) HPCH has not identified, nor is the Court aware of, less burdensome avenues for obtaining the desired information. *Id.* In conclusion, the Court finds that HPCH has not demonstrated that making Dr. Desnick, as HPCH's designated representative, available for a deposition is unduly burdensome. Therefore, the Court denies HPCH's Motion to Quash.